```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
EDWARD M. KOZUSKO, III,            )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    C.A. No. 17-034 S
                                   )
AEGIS FUNDING D/B/A AEGIS HOME     )
EQUITY by and through its          )
Nominee, MERS,                     )
                                   )
        Defendant.                 )
_____)
```

MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

This case involves a mortgagee ("Plaintiff") bringing suit against mortgagor ("Defendant"), by and through the mortgagor's nominee, MERS. Plaintiff's cause of action is based primarily on Rhode Island state law, including claims for quiet title (Count I), failure of indebtedness (Count II), breach of contract (Count IV), and violation of the Rhode Island Deceptive Trade Practices Act (Count V). The case has come to federal court because Count III alleges a violation of the federal Real Estate Settlement Procedures Act ("RESPA"). Specifically, Plaintiff alleges that he "submitted correspondence . . . requesting account information and further disputing account information" but that Defendant failed to respond. (Compl. ¶¶ 25-27, ECF No. 1-2.)

Before the Court is Defendant's Motion to Dismiss (ECF No. 6), to which Plaintiff has failed to respond. When considering a motion to dismiss, the Court takes the factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Plaintiff's claim must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), such that defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). This requires that Plaintiff provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted).

Count III - the RESPA claim upon which federal question jurisdiction is predicated – falls well short of that standard. First, the Complaint fails to allege that MERS is a "loan servicer," which is a statutory requirement for liability under RESPA. This failure is alone grounds for dismissal. See, e.g., Moceri v. Plaza Home Mortg., Inc., No. 11CV1060-CAB RBB, 2013 WL 7869339, at *7 (S.D. Cal. Mar. 7, 2013); Castaneda v. Saxon Mortg. Servs., Inc., 687 F. Supp. 2d 1191, 1199 (E.D. Cal. 2009) ("Without alleging that [defendant] is a 'loan servicer' under RESPA plaintiffs cannot show that [defendant] owed any duty to

2

respond to their QWR, and accordingly plaintiffs' RESPA claim against [defendant] must be dismissed."). Second, while the Complaint alleges that Plaintiff sent requests for information to Defendant, it provides essentially no information regarding when the requests were sent, to whom or to where, or how many requests were made. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Third, and lastly, Count III fails to provide any details for its damages claim. RESPA allows for either compensatory damages or, when there is a "pattern or practice of non-compliance," statutory damages. See 12 U.S.C. § 2605(f)(1)(A), (B). Plaintiff alleges statutory damages, but provides no information to back up its allegation of a "pattern or practice of non-compliance" with RESPA. Instead, Plaintiff simply states, without further factual development, that "Defendant's conduct was a pattern or practice of non-compliance with [RESPA]." (Compl. ¶ 28, ECF No. 1-2.) This sort of "formulaic recitation of the elements" is insufficient. Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

For these reasons, Defendant's Motion to Dismiss (ECF No. 6), as it relates to Count III, is GRANTED. Pursuant to 28 U.S.C. § 1367(c), the remainder of this case is REMANDED to Rhode Island Superior Court.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: May 11, 2017